IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.    ) | CRIMINAL NO. 3:22 CR-30003-001 |
| ) | |
| ANDREW CRUZ TOVAR-REYES ) | |
| ) | |

**DEFENDANT ANDREW CRUZ TOVAR-REYES' SENTENCING MEMORANDUM**

Defendant Andrew Cruz Tovar-Reyes ("Andrew"), by and through counsel, respectfully submits the Sentencing Memorandum in support of his request that the Court grant him a downward variance from his final Guideline range calculation and requests that this Court impose a sentence of imprisonment below his recommended Guideline range of 210 to 240 months.

**Anticipated Time Needed for Hearing**

Currently, Andrew is considering calling one or two witnesses at the sentencing hearing who may be able to provide relevant testimony for the Court's sentencing consideration. In addition, Tovar anticipates providing brief testimony at the hearing. Statements and arguments of counsel will also be presented. Tovar anticipates the length of time necessary for this sentencing hearing with be 40 minutes.

**Prior Proceedings**

The PSIR accurately reflects the relevant procedural history and offense conduct.

**Framework for Sentencing**

A "district court should begin [a sentencing proceeding] with a correct calculation of the [defendant's] advisory Sentencing Guidelines range." *United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008). A defendant's sentencing range "is arrived at after determining the

appropriate Guidelines range and evaluating whether any traditional Guidelines departures are warranted." *United States v. Washington*, 515 F.3d 861, 865 (8th Cir. 2008). "[A]fter giving both parties a chance to argue for the sentence they deem appropriate, the court should consider all of the factors listed in 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by either party." *Braggs*, 511 F.3d at 812. The primary directive in 18 U.S.C. § 3353(a)(2) is for this Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Under § 3553(a)(2), said purposes are as follows:

(A)   to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.

The district court "has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see also United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)) ("[I]t will be the unusual case when we reverse a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable."). "If the court determines that a sentence outside of the Guidelines is called for, it 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Braggs*, 511 F.3d at 812 (quoting *Gall*, 128 S. Ct. at 597). "The sentence chosen should be adequately explained

so as 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Braggs*, 511 F.3d at 812.

The court makes findings of fact under a preponderance of the evidence standard. *See e.g.*, *United States v. Bah*, 439 F.3d 423, 426 n. 1 (8th Cir. 2006) ("[J]udicial fact-finding using a preponderance of the evidence standard is permitted provided that the [Sentencing Guidelines] are applied in an advisory manner."). The court may consider a wide variety of evidence, including the undisputed portions of the PSIR, as well as the testimony and other evidence the parties introduce at the sentencing hearing. The court does not "put on blinders" and only consider the evidence directly underlying Defendant's offenses of conviction. For example, the court may consider other relevant conduct in calculating Defendant's Guidelines range. *See* U.S.S.G. § 1B1.3 (2008).

A key component of Supreme Court law, designed to ensure that the guidelines are truly advisory and constitutional, is the authority of this Court to disagree with a guideline as a matter of policy. Because "the Guidelines are now advisory…, as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough v. United States,* 552 U.S. 85, 101-102 *(2007)* (citing *Rita v. United States*, 551 U.S. 338, 351 (2007) (district courts may find that the "Guidelines sentence itself fails to reflect § 3553(a) considerations").

Congressionally directed guidelines are just as advisory as any other guideline and therefore equally subject to policy-based variances. This Court may thus properly find that the child pornography guideline was not developed by the Commission in its characteristic institutional role of basing its determinations on empirical data of past sentencing practices and national sentencing experience, it is not likely that the guideline "reflect[s] a rough approximation

of sentences that might achieve § 3533 (a)'s objectives," and that a policy based variance from such a guideline in not subject to "closer review" and is "not suspect" See *Kimbrough,* 552 U.S. at 109-10.

In enacting the Sentencing Reform Act, Congress did "not favor one purpose of sentencing over another" except that rehabilitation was not a reason to impose a sentence of incarceration. *See* S.Rep. No. 98-225, at 67 (1983). Rather, "each of the four stated purposes should be considered in imposing sentence in a particular case," and "one purpose of sentencing may have more bearing on the imposition of sentence in a particular case than another purpose has. *Id.*at 68.

In child crimes and sexual offense, § 3553 (b)(2), the Court may determine that there has been a mitigating circumstance, it can find that there exists mitigating circumstances of a kind or to a degree, that…has not been taken into a consideration by the Sentencing Commission in formulating the guidelines.

## Factual Background and Argument

The basic facts of this matter are adequately set forth in the PSIR. Andrew submits that this Court should know and consider the following additional information to substantiate his request for downward variance from the applicable Guidelines range, so this Court may better formulate a fair and reasonable sentence under these individualized circumstances.

A. **Nature and Circumstance of the Offense**

Andrew willingly spoke with Homeland Security Agents when first confronted about his actions and admitted his crimes. Andrew recognized the criminality of his conduct. He is ashamed and remorseful for his crimes. Therefore, he accepted responsibility for his actions by pleading guilty. Andrew believes the path that led him to viewing child pornography started by

viewing adult pornography. In high school, Andrew was shy and unable to initiate romantic relationships with classmates whom he was attracted to. At the same time, Andrew was dealing with an increase in hormones and new curiosities that led to sexual desires. He began viewing adult pornography to satisfy these desires and ultimately found himself searching for child pornography. He does not offer this information as an excuse for his aberrant behavior, but as his explanation for what led him to his behavior.

### B. History and Characteristics of the Defendant

Andrew has no criminal history, violent or otherwise. He is 19 years old and graduated from high school nine months prior to his arrest. He was a productive member of society and gainfully employed. Andrew looks forward to programs offered by the Bureau of Prison that will reduce the chances of him reoffending. Specifically, Andrew looks forward to vocational and educational opportunities that he will have within the Bureau of Prisons. He believes these opportunities will afford him his first chance to continue his education and possibly learn a new trade.

Andrew's childhood was a good one. His family struggled financially, but their needs were always met. His father briefly struggled with alcohol but was able to overcome his addiction when Andrew was still a young boy. Andrew is shy and soft-spoken. He often found himself feeling like the odd man out when it came to the relationship between him and his two brothers. He loves his brothers and believes they love him, but he did not always feel included in their trio. This familial dynamic left him feeling ostracized and alone. Andrew experienced these feelings with many of his peers. He attributes his feelings of loneliness as reason why he began viewing adult pornography. Andrew understands that he needs therapy to fully understand why he began viewing child pornography and to prevent recidivism. He submits to this Court that,

with the proper counseling, he is capable of rehabilitation. Andrew urges this Court to find a variance under 18 U.S.C. § 3553 is warranted, as § 3553(a) instructs this Court to impose a sentence "sufficient, but not greater than necessary."

### C. Need for Sentence Imposed

This Court must make a finding that Andrew's conduct is serious to comply with the purposes delineated in § 3553(2). Andrew understands that offenses against minors are some of the most serious crimes. However, he believes a downward variance below the guidelines is reasonable under the circumstances of his case. In *Gall* v. *United States*, 552 U.S. 38 (2007), The Supreme Court warned that imposition of an unnecessary sentence "may work to promote not respect, but derision, of the law if the law is viewed as merely the means to dispense harsh punishment without taking into account the real conduct and circumstance involved in sentencing." *Id.* at 54. A sentence within the applicable Guidelines range in this case would impose a term of imprisonment of unnecessary length, which risks derision of the law.

### D. Adequate Deterrence and Protecting the Public

The need to protect the public from further crimes of the defendant and the need to rehabilitate Defendant go hand in hand in this case. Andrew understands that this Court must deter him from engaging in similar behavior. In this case, a prison sentence is inevitable and his time in prison will serve as just punishment for him. Additionally, Andrew must register as a sex offender, with the publication of that information to the community. As several courts have recognized, collateral consequences of conviction, such as registration as a sex offender, are relevant to the need for the sentence imposed to reflect just punishment. *See, e.g. United States v. Garate,* 543 F.3d 1026,1028 (8th Cir. 2008)(on remand from the Supreme Court for reconsideration in light of *Gall*, overruling its prior holding that it was inappropriate for

the district court to consider the lasting effects of being required to register as a sex offender.) Finally, Andrew will be monitored by the probation office upon his release and will be required to comply with any conditions of release that this Court imposes. These factors will all contribute to deterring Andrew and protecting the public.

### E. Kinds of Sentences Available

Incarceration is mandatory. The variance available relates to the length of time the defendant is sentenced to imprisonment. This Court is permitted through variance to sentence Andrew to a term of years below the applicable Guidelines range.

### F. The Need to Avoid Unwarranted Sentencing Disparities

In this case, a downward variance from the Guidelines range would address the goals of sentencing. Andrew has a criminal history score of 0. A prison term below the applicable Guidelines range would be sufficient but not greater than necessary to establish the goals of sentencing.

### Conclusion

Andrew is seeking mercy from the Court considering his acceptance of responsibility, age, and lack of criminal history. He asks that this Court recognize that he can be rehabilitated. Andrew understands that his behavior comes with consequences and those consequences serve the purpose of deterring him further from conduct like that for which he pled guilty. He knows he needs counseling to be rehabilitated and understands those opportunities will be presented to him while in prison. For these reasons, Andrew Tovar respectfully prays that this Court have mercy on him during sentencing, grant the downward variance requested, and vary from his Guidelines range of 210 to 240 months of imprisonment. He requests that this Court pronounce a more lenient sentence than recommended.

        Respectfully submitted,

        Andrew Cruz Tovar-Reyes

By:    /s/ Matthew Flemister_____
        Matthew M. Flemister, AR Bar # 2017226
        Nelson & Marks Law Firm, PLLC
        1401 NE McClain Road
        Suite 7
        Bentonville, Arkansas  72712
        (479) 367-2218    P
        (479) 250-9914    F
        matthew@nelsonandmarkslaw.com

**Certificate of Service**

I, Matthew Flemister, hereby certify that on this 8th day of November, 2022, I filed the foregoing document with the Court and sent copies via electronic mail to Carly Marshall, Assistant U.S. Attorney, and Amanda Jordan, U.S. Probation Officer.

        /s/ Matthew Flemister\_\_\_\_\_
        Matthew M. Flemister